IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY E. GLASCO, | ) | CASE NO. 3:14CV2134 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. KATZ |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff Timothy Glasco ("Glasco") filed this action to seek judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Doc. 1. After the Commissioner filed the Answer and Transcript, Glasco filed a Motion to Remand pursuant to 42 U.S.C. 405(g).[1] Doc. 15. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1).

As explained below, Glasco has not satisfied the statutory requirements for obtaining a remand for the purpose of supplementing the record. Therefore, his Motion to Remand should be **DENIED**.

## I. Procedural History

---

[1] Glasco filed a Motion to Remand on February 27, 2015, including exhibits and a request to hold the briefing schedule in abeyance pending the Court's ruling on his motion to remand. Doc. 12. On March 12, 2015, Glasco filed a Motion for Leave to File Amended Motion to Remand and Hold Briefing Schedule in Abeyance. Doc. 14. The Court granted Glasco's motion for leave, and, thereafter, Glasco filed his Amended Motion to Remand. Doc. 15. Hereinafter, references made to Glasco's motion refer to his Amended Motion to Remand (Doc. 15).

In September 2004, Glasco applied for disability benefits. Tr. 83. His application was denied in 2008. Tr. 83. His file associated with the 2004 application was destroyed. Tr. 83. On February 2, 2012, Glasco protectively filed an application for DIB, alleging a disability onset date of February 24, 2004. Tr. 8, 169. Because Glasco's previous file was destroyed, the Commissioner could not adopt the prior ALJ's decision relevant to the same time period encompassed in Glasco's current application. Tr. 83. Accordingly, the time period covered by Glasco's current claim overlaps to some extent with the time period covered in his prior claim. His claim runs from his alleged onset date in 2004 until the date last insured, December 31, 2008. Tr. 8, 10.

Glasco alleged disability based on the following: chronic deconditioning, fibromyalgia, chronic anemia, corpus callosum syndrome, hemochromatosis, cirrhosis, renal insufficiency, depression, anxiety, optic nerve dysfunction, and hepatorenal syndrome. Tr. 210. After denials by the state agency initially (Tr. 104-106) and on reconsideration (Tr. 108-110), Glasco requested an administrative hearing. Tr. 111-112. A hearing was held before Administrative Law Judge ("ALJ") William Wallis on August 30, 2013. Tr. 21-81. At the hearing, Glasco was not represented by counsel; he testified and his wife also testified. Tr. 22-80. In his September 13, 2012, decision (Tr. 8-16), the ALJ determined that, between his alleged onset date and his date last insured, there were jobs that existed in significant numbers in the national economy that Glasco could have performed, i.e., he was not disabled. Tr. 16. Glasco requested review of the ALJ's decision by the Appeals Council (Tr. 4) and, on September 13, 2013, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 5-7.

Glasco filed a Complaint in this Court and, thereafter, a Motion to Remand. Docs. 12, 15. He argues that this case should be remanded "for purposes of consideration of new and

2

material evidence to complete the record and for proper reconsideration of the record and the evidence in that record." Doc. 15, p. 1. He cites to additional medical records from the relevant period— between February 24, 2004 and December 31, 2008—that were not included in the record before the ALJ. Doc. 15, p. 8; Doc. 12-1 through 12-7. The Commissioner opposes Glasco's motion. Doc. 16.

## II. Law and Analysis

### A. Glasco does not specify what type of remand he requests

Glasco filed his motion for remand "under 42 U.S.C. Section 405(g)." Doc. 15, p.1. He begins by detailing the procedural history of the case. Doc. 15, pp. 2-3. Next, Glasco discusses the factual history of his claim. Doc. 15, p. 4-6. He asserts that the state agency failed to develop "additional medical sources." Doc. 15, p. 5. He also complains that the agency requested records dated after 2008 from his medical providers but did not request records that predate 2008. Doc. 15, pp. 5-6.

Glasco then begins the argument section of his brief by stating that his motion for remand is for "consideration of new and material evidence." Doc. 15, p. 7. He recites the legal standard:

> The Supreme Court has clearly set forth the descriptions of the type of remands available under 42 U.S.C. Section 405(g). In *Sullivan v. Hudson* , 490 U.S. 877 (1984), the Court noted that where the Secretary, now Commissioner, has committed a legal or factual error in evaluating a particular claim, the District Court's remand is a "Sentence 4" remand. A "Sentence 6" remand, on the other hand, is not based on a review of the merits of the administrative decision below, but rather is based on the identification of new and material evidence which, for good cause, was not submitted during the prior administrative hearings. *See, Faucher v. Secretary of HHS*, 17 F.3d 171, 175 (6th Cir. 1994). While a sentence 6 remand requires a showing of good cause; a sentence 4 remand is based on the identified defect in the administrative decision. *Faucher*, *supra*. Evidence submitted will not be considered by the Court unless the evidence meets the new and material evidence standard of sentence 6. *Cotton v. Sullivan*, 2 F.3d 692, 695-696 (6th Cir. 1993).

Doc. 15, p. 7.[2]

Glasco goes on to identify evidence he claims is "new" and "material." Doc. 15, pp. 8-9. "New and material" evidence supports a Sentence Six remand. *See Foster v. Halter*, 279 F.3d 348 at 357 (6th Cir. 2001) (a district court can "remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding[,]" quoting *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)). Glasco's next section is titled "Good Cause." Doc. 15, p. 11. Thus, the headings and structure of Glasco's brief support a conclusion that he is requesting a Sentence Six remand. Indeed, the Commissioner, in her opposition brief, characterized Glasco's motion as a Sentence Six remand. Doc. 16, p. 2.

However, in his "good cause" section, Glasco complains that the state agency did not fully develop the record. Doc. 15, p. 12. He alleges that the ALJ did not conduct a full and fair hearing. Doc. 15, p. 12-13 (citing *Lashley v. Sec. of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983) (when a claimant is unrepresented by counsel at the hearing and appears inarticulate and uneducated, the ALJ has a special duty to develop the record). He points out that he was unrepresented at the hearing and, therefore, "was entitled to assistance in the development of his record." Doc. 15, p. 13. Such arguments are relevant to a Sentence Four remand. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 173-174 (6th Cir. 1994) (explaining the difference between a Sentence Four and a Sentence Six remand).

Because Glasco's arguments presented in his brief describe a Sentence Four and a Sentence Six remand, the undersigned considers Glasco's arguments under both theories.

**B. A Sentence Four remand is not warranted**

---

[2] "Sentence 4" and "Sentence 6" are references to specific sentences found in 42 U.S.C. § 405(g).

4

To the extent Glasco moves for a remand under Sentence Four because the ALJ failed to develop the record, his motion should be denied. An ALJ has a duty to provide a claimant with a full and fair hearing. *Lashley*, 708 F.2d at 1051. "Under special circumstances—when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures—an ALJ has a special, heightened duty to develop the record." *Wilson v. Comm'r of Soc. Sec.*, 280 Fed. App'x 456, 459 (6th Cir. 2008) (citing *Lashley*, 708 F.2d at 1051–1052). There is no bright line test; instead, a court decides the issue on a case by case basis. *Lashley*, 708 F.2d at 1052.

In *Lashley*, the claimant was not represented by counsel at the hearing. He was inarticulate (he had speech problems due to a stroke: "I know what I'm trying to say and I can't say it sometimes"), of limited intelligence (he had a fifth-grade education and could not read), and "appeared to be easily confused." *Id*. at 1050, 1052. The Sixth Circuit found that the ALJ had a special, heightened duty to develop the record in Lashley's case and that it failed to do so. The Court noted that the hearing lasted "a mere 25 minutes," was transcribed in eleven pages, and that the ALJ did not probe further when he received short specific answers with no explanations. *Id*. at 1052.

Here, Glasco was not represented by counsel at the hearing; that is where the similarity with *Lashley* ends. Glasco graduated from high-school and was close to getting a two-year college degree; he quit because his wife stopped working and he had to support his family. Tr. 39. He did not appear confused or present as inarticulate. Moreover, his wife, a nurse for thirty-five years, also testified. Tr. 27, 61-69. The hearing lasted almost an hour and a half and was transcribed in fifty-seven pages. Tr. 23-80. Neither Glasco nor his wife appeared timid. *See Holden v. Califano*, 641 F.2d 405, 409 (6th Cir. 1981) (claimant and his wife were not

5

uneducated, ignorant or timid; "they have been loudly demanding the benefits to which they think they are entitled throughout the administrative proceedings" and "understood the basic issue involved").

Glasco argues that he "exhibited difficulty focusing on questions from the ALJ, wandering off topic and needing redirection." Doc. 15, p. 6 (citing Tr. 44-46, 50-51, 55-56, 59). The undersigned disagrees. For example, when the ALJ asked whether Glasco could have performed other, less strenuous work, Glasco answered, "People just, they won't give me a job at all. If I step in their place they don't—they can't afford the liability insurance." Tr. 44. Glasco's belief that he could not work because he could not find a job is evidence of an honest answer, not difficulty understanding the question. Furthermore, although Glasco occasionally spoke of his impairments in the present tense, instead of past tense, this does not show he was "confused." Glasco fully understood the relevant time period. *See, e.g.*, Tr. 31, 41-42. And, on occasion when he would speak in the present tense, at the ALJ's prompting, he was quick to reframe his answers so as to make them relevant to the time period at issue. *See, e.g.*, Tr. 46, 47, 50-51. Glasco's current dissatisfaction with his answers during the hearing does not mean that he was incapable of presenting an effective case at the hearing.

The record also demonstrates that the ALJ spent time explaining to Glasco that he had a right to an attorney or a trained representative, the basic fee structure for representation, and that Glasco could postpone the hearing if he wished to obtain representation. Tr. 25-27, 36-37. The ALJ also explained the standard he would apply. Tr. 27-37. Glasco stated that he wished to go forward with the hearing. Tr. 33. The ALJ asked Glasco if he had a chance to review the record and Glasco stated that he had, and that his wife "has a better understanding of this than I do and .... that's why she wants to testify." Tr. 33. Glasco did not appear timid; he asserted himself

6

when he disagreed with a diagnosis of malnutrition in the record, Tr. 33-34, and was talkative throughout. See *Holden*, 641 F.2d at 409. Finally, Glasco submitted new evidence in advance of his hearing, Tr. 113, 237, demonstrating that he understood both his obligation to submit evidence and how to submit evidence, i.e., he understood how to present his case and was familiar with the procedures. See *Wilson*, 280 Fed. App'x at 459. He does not argue and cannot show that the ALJ told him he would procure records and then failed to procure them. See *Strang v. Comm'r of Soc. Sec.*, 2015 WL2056098, at * 5 (6th Cir. May 4, 2015) (remand warranted because, by telling the claimant she would procure doctor's records but failing to do so, the ALJ deprived claimant of a fair hearing). Accordingly, Glasco fails to show that he and his wife were so uneducated, inarticulate, or easily confused that the ALJ had a special, heightened duty to develop the record. See *Lashley*, 708 F.2d at 1052.

Thus, to the extent Glasco seeks remand under Sentence Four, his motion should be denied.

### C. A Sentence Six remand is not warranted

Glasco argues that his case should be remanded because he has new and material evidence. Doc. 15, p. 7. He explains that there are an additional 96 pages of records from 2004-2008 that were not included in the record before the ALJ; only 62 pages of records from 2004-2008 were included. Doc. 15, pp. 8-9. Glasco states, "These documents are 'new' evidence as none of these records were included in the file at the time of the hearing or the administrative proceedings below." Doc. 15, p. 9. The Commissioner argues that the evidence is not material. Doc. 16, p. 2.

"Evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484

(6th Cir. 2006) (quoting *Foster*, 279 F.3d at 357). Glasco's evidence was in existence at the time of the administrative proceeding. He does not argue that it was unavailable to him. In fact, he states that his counsel was able to locate the additional evidence "in just [a] few months of representation." Doc. 15, p. 8. Glasco submitted additional evidence during his appeals process and does not allege that he was unable to acquire certain medical records.

Instead, Glasco argues that the state agency bungled the records request. He asserts, "the correspondence shows that the State Agency asked the medical sources to provide 'a medical report and/or copies from existing office records' that was specifically to include 'the most recent physical/mental status exam and clinical/lab tests.'" Doc. 15, p. 5 (citing Tr. 270, 582, 1006-1007, 1048, 1002, 1071). The records Glasco cites do not support his position that the use of the word "include" in some correspondence narrows the request to the most recent time period. The request to the Rheumatology Clinic states, "please send all records from 2004-2008." Tr. 270. Glasco cannot blame any deficiency in the record with respect to the Rheumatology Clinic on this request. The request to Dayton Eye asks for "History . . . . Objective findings *to include* the most recent physical/mental status exam and clinical lab tests . . . ." Tr. 582 (emphasis added). Glasco does not explain how the word "include" could be interpreted as meaning that only the most recent records were being requested. Moreover, he did not visit Dayton Eye until May 2010; he does not allege there were earlier records. *See* Tr. 228; 584; Doc. 15, pp. 8-9. The records request to Dr. Leifer contains the same language and the same problem; Glasco first saw him in 2010; he does not allege there were earlier records. Tr. 1007; Doc. 15, pp. 8-9. The same language asking for all records was used in the request to

8

Family Medical Associates. Tr. 1048. Glasco's record citations to Drs. Ukiwe and Anouti are not record requests but a copy of the form the provider sends back.³ Tr. 1002; 1071.

Glasco complains that the agency, after denying his claim twice, requested an update of recent records from St. Rita's Medical Center, from 2012 to 2013 (Tr. 1263); he concedes, however, that the agency previously requested records from St. Rita's Medical Center for the time period 2004-2008 (Tr. 604). Doc. 15, p. 5. Records from St. Rita's Medical Center from the relevant time period appeared in the record. *See, e.g.*, Tr. 605.

In sum, Glasco has not shown that the evidence he wishes to add was unavailable to him; his unsupported assertions that the agency failed to request the records is without merit and he offers no other explanation. Accordingly, he has not met his burden for remand under Sentence Six and his motion should be denied. See *Foster*, 279 F.3d at 357.

### III. Conclusion

For the reasons set forth herein, the undersigned recommends that Glasco's Motion for Remand (Doc. 15) be **DENIED**.

Dated: May 15, 2015

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

³ In the form sent back by Dr. Ukiwe, there is a handwritten note on the bottom that states, "[patient] will be denied if I fill out the paperwork he has no [illegible] disease. Best not to fill it out." Tr. 1002.