IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY E. GLASCO,

                Plaintiff,                Case No. 3:14 CV 2134

   -vs-

                                                     <u>MEMORANDUM   OPINION</u>

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

KATZ, J.

## I. Introduction

Timothy E. Glasco applied for social security disability insurance benefits with the Social Security Administration. After exhausting his available administrative remedies, the Commissioner of Social Security denied Mr. Glasco's application for benefits.

Mr. Glasco then sought judicial review of the Commissioner's decision. After the Commissioner filed the answer and transcript, Mr. Glasco filed an amended motion to remand pursuant to 42 U.S.C. § 405(g). (Doc. No. 15). The case was referred to Magistrate Judge Kathleen B. Burke for findings of facts, conclusions of law, and recommendations.

The Magistrate Judge issued a report recommending that the Court deny Mr. Glasco's amended motion to remand because he had not satisfied the statutory requirements for purposes of supplementing the record. (Doc. No. 18). This matter is before the Court pursuant to Mr. Glasco's timely objections to the Magistrate Judge's report. (Doc. No. 19). The Commissioner has filed a response to Mr. Glasco's objections. (Doc. No. 20).

The Court has jurisdiction over the Commissioner's final decision denying Mr. Glasco's request for benefits pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832 (6th Cir. 2006). In accordance with *United States v. Curtis*, 237

F.3d 598, 602–03 (6th Cir. 2001), this Court has made a de novo determination of the Magistrate Judge's report. For the reasons stated below, the Court adopts the report and affirms the denial of Mr. Glasco's motion to remand.

## II. Standard of Review

The Court conducts a de novo review of those portions of the Magistrate Judge's report to which Mr. Glasco objects. 28 U.S.C. § 636(b)(1). In so doing, the Court reviews the Commissioner's decision to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g). This Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The Court does not re-weigh the evidence, but must affirm the Commissioner's findings as long as there is substantial evidence to support those findings. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citations and internal quotation marks omitted). The Commissioner's decision is not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. *Id.* at 854–55.

## III. Discussion

The Magistrate Judge accurately set forth the procedural history of this case. Because the parties have not objected, the Court adopts the Magistrate Judge's summary as follows:

> In September 2004, Glasco applied for disability benefits. Tr. 83. His application was denied in 2008. Tr. 83. His file associated with the 2004 application

2

was destroyed. Tr. 83. On February 2, 2012, Glasco protectively filed an application for DIB, alleging a disability onset date of February 24, 2004. Tr. 8, 169. Because Glasco's previous file was destroyed, the Commissioner could not adopt the prior ALJ's decision relevant to the same time period encompassed in Glasco's current application. Tr. 83. Accordingly, the time period covered by Glasco's current claim overlaps to some extent with the time period covered in his prior claim. His claim runs from his alleged onset date in 2004 until the date last insured, December 31, 2008. Tr. 8, 10.

Glasco alleged disability based on the following: chronic deconditioning, fibromyalgia, chronic anemia, corpus callosum syndrome, hemochromatosis, cirrhosis, renal insufficiency, depression, anxiety, optic nerve dysfunction, and hepatorenal syndrome. Tr. 210. After denials by the state agency initially (Tr. 104-106) and on reconsideration (Tr. 108-110), Glasco requested an administrative hearing. Tr. 111-112. A hearing was held before Administrative Law Judge ("ALJ") William Wallis on August 30, 2013. Tr. 21-81. At the hearing, Glasco was not represented by counsel; he testified and his wife also testified. Tr. 22-80. In his September 13, 2012, decision (Tr. 8-16), the ALJ determined that, between his alleged onset date and his date last insured, there were jobs that existed in significant numbers in the national economy that Glasco could have performed, i.e., he was not disabled. Tr. 16. Glasco requested review of the ALJ's decision by the Appeals Council (Tr. 4) and, on September 13, 2013, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 5-7.

Glasco filed a Complaint in this Court and, thereafter, a Motion to Remand. Docs. 12, 15. He argues that this case should be remanded "for purposes of consideration of new and material evidence to complete the record and for proper reconsideration of the record and the evidence in that record." Doc. 15, p. 1. He cites to additional medical records from the relevant period— between February 24, 2004 and December 31, 2008—that were not included in the record before the ALJ. Doc. 15, p. 8; Doc. 12-1 through 12-7. The Commissioner opposes Glasco's motion. Doc. 16.

(Doc. No. 18 at 2-3).

Section 405(g) authorizes two types of remand: (1) a post-judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Commissioner (a Sentence Four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Commissioner (a Sentence Six remand). *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994)

3

(quotations omitted). In her report, the Magistrate Judge correctly noted Mr. Glasco failed to specify what type of remand he was requesting. She first noted Mr. Glasco cited the Sentence Six standard and argued remand for consideration of new and material evidence. She also noted that Mr. Glasco argued the state agency did not fully develop the record and the ALJ did not conduct a full and fair hearing, which are relevant to a Sentence Four remand. *See Faucher*, 17 F.3d at 174 (6th Cir. 1994). As a result, the Magistrate Judge considered and denied Mr. Glasco's arguments under both theories. Mr. Glasco now objects to the Magistrate Judge's decision concerning the same. The Court will address each objection in turn.

**Sentence Six**

A Sentence Six remand under § 405(g) is not based on a review of the merits of the administrative decision below, but "upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." Section 405(g); *Faucher*, 17 F.3d at 175. "Evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." *Hollon ex. rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2006).

Mr. Glasco is attempting to establish disability for a time period not directly preceding his application for benefits – between February 24, 2004 and December 31, 2008. Mr. Glasco argues "that there are an additional 96 pages of records from 2004-2008 that were not included in the record before the ALJ; [and] only 62 pages of records from 2004-2008 were included." (Doc. No. 18 at 7; Doc. No. 15 at 9). The Magistrate Judge denied his Sentence Six request for remand because "Glasco ha[d] not shown that the evidence he wishe[d] to add was unavailable to him," i.e., the evidence was not new. (Doc. No. 18 at 9).

Mr. Glasco objects to the Magistrate Judge's finding because "looking at the totality of the circumstances surrounding [his] case, it is clear that the evidence submitted prior to the administrative proceeding was in fact 'new' evidence." (Doc. No. 19 at 3). Mr. Glasco argues – for the first time on objection – that the evidence should be considered unavailable, and thus new, because he was unrepresented by counsel. (Doc. No. 19 at 4). It is well established that a party may not raise an argument or advance a theory before a District Judge that was not fairly presented to the Magistrate Judge, and that failure to raise the argument before the Magistrate Judge constitutes waiver of the same. *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000). Even so, as the Magistrate Judge points out, "Glasco submitted additional evidence during his appeals process and [did] not allege that he was unable to acquire certain medical records." (Doc. No. 18 at 8). The fact that Mr. Glasco was unrepresented does not change the fact that these records were available.

Mr. Glasco also objects to the Magistrate Judge's finding that the state agency forms adequately requested medical records from the relevant time period. Mr. Glasco argues that "the medical record clearly shows multiple forms issued by the [s]tate [a]gency requesting *only* medical records *from after* the date last insured." (Doc. No. 19 at 6) (citing Tr. 1263, 1516, 1523, 1894) (emphasis in original). While it is true that some medical record requests ask for records after the date last insured, Mr. Glasco ignores the medical records requests sent to those same treatment providers asking for records during the relevant time period. (Tr. 270, 361, 604). For example, Mr. Glasco points to state agency requests for records after the date last insured to St. Rita's Hospital and OSU Medical Center. (Doc. No 19 at 6) (*citing* Tr. 1263, 1894). The state agency, however, also requested medical records from St. Rita's and OSU Hospitals for

5

records during the relevant time period – between 2004 and 2008. (*See* Doc. No. 15 at 5; Tr. 361; Tr. 604). Mr. Glasco conceded as much to the Magistrate Judge, and to argue otherwise now weighs heavily against his credibility. (*See* Doc. No. 15 at 5).

Similarly, Mr. Glasco objects that certain medical record requests "did not include any reference at all to the 'relevant time period' or the date last insured." (Doc. No. 19 at 6). The forms Mr. Glasco's references, however, adequately request Mr. Glasco's medical history, which would logically include all records connected to Mr. Glasco's treatment at that particular medical facility. Because the Magistrate Judge accurately concluded the evidence was not new, she was not required to made a good cause determination. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (a claimant must satisfy all three requirements – new, material, good cause – in order to obtain Sentence Six remand). Accordingly, Mr. Glasco's objections concerning his request for a Sentence Six remand are overruled.

**Sentence Four**

An ALJ has a duty to develop the record because of the non-adversarial nature of Social Security benefits proceedings. *See Heckler v. Campbell*, 461 U.S. 458, 470 (1983). The Sixth Circuit has emphasized that this duty is particularly important when a claimant is acting *pro se*. *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Thus, "[u]nder special circumstances – when a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures – an ALJ has a heightened duty to develop the record." *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (citing *Lashley*, 708 F.2d at 1051–1052)). This duty to develop the record, however, is balanced with the fact that "[t]he burden of providing a complete record, defined as

evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (explaining claimant's burden to prove disability).

The Magistrate Judge determined the ALJ did not violate his duty to develop the record because Mr. Glasco's hearing stood in stark contrast to that of the plaintiff in *Lashley*. (Doc. No. 18 at 45); *Lashley*, 708 F.2d at 1052 (an ALJ had a heightened duty to develop the record when the claimant was inarticulate, of limited intelligence, appeared easily confused; and the hearing lasted "a mere 25 minutes," was transcribed in 11 pages, and the ALJ failed to probe further when he received short answers with no explanation). The Magistrate Judge noted Mr. Glasco was educated, did not appear confused or present as inarticulate; and the hearing lasted for almost and hour and a half and was transcribed in fifty-seven pages. (Tr. 23-80).

Mr. Glasco disagrees with the Magistrate Judge's conclusion that he did not have difficulty answering and understanding questions. When the ALJ asked Mr. Glasco if he could perform work that involved sitting, Mr. Glasco responded by saying "[p]eople just, they won't give me a job at all. If I step in their place they don't – they can't afford the liability insurance." (Tr. 92). The Magistrate Judge characterized this statement as "evidence of an honest answer, not difficulty understanding the question." (Doc. No. 18 at 6). On objection, Mr. Glasco does nothing more than disagree with the Magistrate Judge's interpretation of this answer. (Doc. No. 19 at 15). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'

as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

Even so, the transcript reveals Mr. Glasco was able to answer questions intelligently and explain his conditions related to the relevant time period. (*See* Tr. 41-44). Moreover, the ALJ adequately explained the date last insured, and framed his questions to remind Mr. Glasco to describe his conditions related to that time period. Mr. Glasco understood this, and was able to answer the ALJ's questions. (*See* Tr. 41-44). This is illustrated by the ALJ's conversation with Mr. Glasco at the beginning of the hearing:

> [ALJ]: The testimony I need to elicit from you today pertains only to your condition as it was on or before December 31, 2008. Human nature is that we want to talk about how things are going right now. So, if I find or feel that you're starting to talk about how things are today, I may need to redirect you and remind you we are talking about how your condition was on or before 12/31/08. That's what [sic] relevant to your case. Now, I know things are different today, or maybe different today, then they were back then. So it's going to be important that we focus our attention on how things were then, because how you are today isn't relevant to the period of time I'm required to consider, do you understand?
>
> [Mr. Glasco]: Yes, sir.

(Tr. 41-42). The ALJ kept true to his promise and prefaced the majority of his questions throughout the hearing with a reminder to the relevant time period. (*See, e.g.*, Tr. 35, 40-44, 46-51). These reminders throughout, therefore, were not in response to any confusion by Mr. Glasco. Rather, they related back to the ALJ's initial instruction about the difficulty – in general – in talking about impairments related to a particular time in the past. In doing so, the ALJ assured that anyone subsequently reading the transcript – such as this Court – had no doubt Mr. Glasco's answers pertained to that specific time period.

Mr. Glasco also argues the record does not support that he was properly notified of his date last insured. Mr. Glasco concedes, however, that he received a hearing notice which notified him of his date last insured. (Doc. No. 19 at 18-19). Moreover, as illustrated above, the ALJ adequately explained the relevant time period and Mr. Glasco not only responded that he understood, but answered the ALJ's questions about his conditions relevant to that time period.

Finally, Mr. Glasco says he waived counsel because he "was just ready to avoid any further delays and just get the process moving along." (Doc. No. 19 at 20). When a claimant is not represented by counsel, an administrative law judge has a special duty to ensure that the claimant is aware of his or her right to legal representation. *Johnson v. Comm'r of Soc. Sec.*, 97 F. App'x 539, 542 (6th Cir. 2004). Dispositive here, it is clear that the ALJ informed Mr. Glasco of his right to counsel – an explanation spanning over ten pages in the transcript – and Mr. Glasco "knowingly and willingly" waived that right. (Tr. 24-33). Accordingly, Mr. Glasco's objections with respect to his Sentence Four request for remand are overruled.

### IV. Conclusion

For the reasons set forth herein, Mr. Glasco's objections to the Magistrate Judge's report are overruled. The Court finds Magistrate Judge Burke's report to be well-reasoned and without error. The Court, therefore, accepts the findings in the report, and specifically accepts the ultimate conclusion that the motion to remand should be denied.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE